IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION



THE MEAD CORPORATION, d/b/a
MEAD CONTAINERBOARD,

    Plaintiff,

v.                                   Civil Action No. CV-00-J-2960-NE

THE BRADLEY FACTOR, INC., and
PROMEK, INC.,

    Defendants

DEC 5   2000

## MEMORANDUM OPINION

This cause comes before this court on defendant The Bradley Factor, Inc.'s (Bradley) motion to stay or dismiss (doc. 10). According to Bradley, this case should be stayed or dismissed because the claims in this action are compulsory counterclaims in an earlier-filed action in The United States District Court for the Eastern District of Tennessee: *The Bradley Factor, Inc. v. Mead Containerboard, Inc., and The Mead Corporation,* No. 3:00-CV-518. (Defendant's Exhibit 1).

Bradley filed suit against Mead Containerboard, Inc. on September 15, 2000. In that complaint Bradley identified Mead Containerboard, Inc. as a subsidiary of the Mead Corporation. Bradley mailed the Mead Corporation a demand letter on August 11, 2000 explaining its claims and notifying the defendant of the potential litigation. On October 6, 2000 Bradley agreed to Mead Containerboard, Inc.'s request for additional time by

stipulating that Mead Containerboard had until October 19, 2000 to respond. (Defendant's Exhibit 1). On October 18, 2000 Mead Corporation filed an action for declaratory judgment presently before this court . The next day, October 19, 2000, Mead Containerboard Inc. moved to dismiss the original Tennessee action asserting that Mead Containerboard Inc. was not a proper party because it did not enter into any contract with Bradley, that Mead Corporation did business as Mead Containerboard, and that Mead Containerboard Inc. was merely "corporate shell with no assets." (Defendant's Exhibit 1). Bradley then amended its Tennessee complaint on October 23, 2000 and named Mead Corporation as a defendant. (Defendant's Exhibit 1).

Federal Rules of Civil Procedure 13(a) deals with compulsory counterclaims. Rule 13(a) provides:

> A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

Mead Corporation admits that these two actions arise out of the same transaction. "This is a case of two competing actions involving the same dispute. Clearly, one action should be dismissed, or transferred to the other venue, so that complete relief can be obtained among all parties in one district." (Mead Corporation Brief p. 5).

Mead Corporation has clearly attempted to avoid the compulsory counterclaim requirement by obtaining a time extension in Tennessee and then filing this action before responding in Tennessee. This attempt however is ineffective because under the Federal Rules, the complaint amendment naming Mead Corporation as a party defendant relates

back to the original filing date. FRCP 15(c). Because the action in Tennessee was the "first filed" much deference is given to the original chosen location. *Jasper Corp. v. National Union Fire Insurance,* 1999 WL 781808 at 4 (M.D.Fla.1999). The purpose of the "first filed" rule is to conserve judicial resources and avoid conflicting rulings. *Id.* These are the same purposes behind compulsory counterclaims. "Ideally, once a court becomes aware that an action on its docket involves a claim that should be a compulsory counterclaim in another pending federal suit, it will . . . dismiss the claim with leave to plead it in the prior action." 6 Wright, Miller & Cooper, *Federal Practice and Procedure,* § 1418 at p. 143 (1990 ed.).

Because the action in Tennessee was the "first filed", the action before this court should be a compulsory counterclaim. Therefore this action is **DISMISSED**. Leave is granted plaintiff to file this as a counterclaim in the Tennessee action 3:00-CV-518. Defendant's motion (doc. 10) is **GRANTED**. Each party to bear own costs.

**DONE** and **ORDERED** this ___5___ day of December 2000.

*[signature]*
INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE